STATE OF RHODE ISLAND            SUPERIOR COURT
PROVIDENCE, SC.

SELECTIVE INSURANCE COMPANY    :
OF AMERICA                       :
                                 :
                                 :
     vs.                          :     C.A. NO.:
                                 :
LIBERTY MUTUAL INSURANCE      :
COMPANY (ALIAS), HARTFORD       :
FIRE INSURANCE COMPANY (ALIAS),  :
JOHN DOE CORP 1 THROUGH 10     :
JOHN DOE ENTITIES 1 THROUGH 10   :
and JOHN AND JANE DOE 1 THROUGH 10 :

## PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF

## PARTIES

1.    Now comes Selective Insurance Company of America, ("Selective") and brings

this action for declaratory relief pursuant to R.I.G.L. §9-30-1, et seq.

2.    Plaintiff is an insurance company at all times herein mentioned and now a

corporation organized and existing under and by the virtue of the laws of State of

New Jersey authorized to conduct business in the State of Rhode Island.

3.    Plaintiff is the insurer for Calson Construction Corporation, ("Calson") a

defendant in an arbitration filed by Atwood Health Properties, LLC ("Atwood")

heard before the American Arbitration Association.

4.    Liberty Mutual Insurance Company ("Liberty") is an insurance company licensed

to conduct business in the State of Rhode Island.

5.  Liberty is the insurer for Gem Plumbing & Heating Co., Inc., ("GEM") a

defendant in the above referenced arbitration. Gem Plumbing & Heating Co., Inc.

1

is upon information and belief a corporation organized under the laws of the State of Rhode Island, with a principal office located in Lincoln, Rhode Island.

6. Hartford Fire Insurance Company ("Hartford") is an insurance company licensed to conduct business in the State of Rhode Island.

7. Hartford is also the insurer for GEM.

8. Upon information and belief, John Doe Corporations 1 through 10, are other corporations, the names and addresses of which are unknown.

9. Upon information and belief, John Doe Entities 1 through 10, are other entities, the names and addresses of which are unknown.

10. Upon information and belief, John and Jane Doe 1 through 10, are other individuals, the names and addresses of which are unknown.

## COUNT I

11. Plaintiff hereby repeats, realleges, and incorporates the preceding paragraphs as if set forth in full.

12. On or about July 26, 2000, Calson and Gem entered into a sub-contract, whereas Gem was to be the sub-contractor of Calson. Specifically, Gem was to design, furnish, and install labor, material, and equipment for plumbing and mechanical phases for a construction project ("the Project") located at 1530 Atwood Avenue in Johnston, Rhode Island.

13. On or about July 26, 2000, Calson and Gem entered into an agreement, whereas Gem would indemnify and defend Calson for any and all claims, damages, losses and expenses, including but not limited to attorney's fees, arising out of or

2

resulting from, in whole or in part, the performance of Gem's work, under the sub-contract.

14. Pursuant to the mandates of the above-referenced agreement, Gem added Calson to its insurance policy with Liberty Mutual, as a named insured.

15. Calson is a named insured on the policy of insurance maintained by Gem by and through Liberty in effect at all relevant times herein.

16. Pursuant to the mandates of the above-referenced agreement, Gem added Calson to its insurance policy with Hartford, as a named insured.

17. Calson is a named insured on the policy of insurance maintained by Gem by and through Hartford in effect at all relevant times herein.

18. Atwood Health Properties, LLC, filed a demand for arbitration alleging that the HVAC system designed and installed by Gem, was not properly installed, causing Atwood Health Properties, LLC to allegedly experience deficiencies with the system and costs to rectify the deficiencies.

19. At all material times, Gem was solely responsible for the design and installation of the subject HVAC system, pursuant to the sub-contract.

20. The agreement entered into by Gem and Calson on July 26, 2000, required Gem to hold Calson harmless and to indemnify Calson for any and all claims, damages, losses and expenses arising out of or resulting from, in whole or in part, Gem's performance of the sub-contract.

21. Liberty has denied plaintiff's multiple requests for defense and indemnification and has produced no reason for the denial.

3

22. Hartford has denied plaintiff's multiple requests for defense and indemnification and has produced no reason for the denial.

## COUNT II

### Declaratory Judgment

23. Plaintiff hereby repeats, realleges, and incorporates the preceding paragraphs as if set forth in full.

24. Pursuant to R.I.G.L. §9-30-1, 9-30-2 and 9-30-3, this Court has the power to declare the rights of the parties to the above-referenced sub-contract and insurance policy.

25. An actual controversy exists between the plaintiff and the defendants in this declaratory judgment action, as the rights and obligations of the parties are under the sub-contract.

26. An actual controversy exists between the plaintiff and the defendants as to the nature and extent of the defendants' obligations to defend and indemnify Calson in connection with the underlying arbitration filed by Atwood Heath Properties, LLC against Calson with the American Arbitration Association.

27. No other method or relief is available to resolve this controversy.

**WHEREFORE,** Plaintiff respectfully requests that pursuant to R.I.G.L. §9-30-1 et. seq., that this Court enter a Declaratory Judgment as follows:

A.     Declaring that the plaintiff is entitled defense and indemnification by defendants, under the sub-contract;

B.     Grant Judgment in favor of plaintiff and against defendants;

C.     Entering such other declaratory relief as this Honorable Court shall deem just; and

4

D.    Award plaintiff attorney's fees and costs.

PLAINTIFF,
Selective Insurance Company of America
By their Attorneys,
Caprara Dayian P.C.

Daryl E. Dayian, Esquire #5023
Three Regency Plaza, Suite 1
Providence, Rhode Island 02903
(401) 621-8000
Fax (401) 621-8001

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL**

Dated: 5/28/2014